NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0175n.06

No. 18-5765

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Apr 04, 2019 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| LADARIUS PORTER, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:     BATCHELDER, ROGERS, and THAPAR, Circuit Judges.

ROGERS, Circuit Judge.  Ladarius Porter was convicted of being a felon in possession of a firearm and was sentenced to 180 months' imprisonment because the district court determined that Porter was an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924.  Porter appeals on the ground that he did not qualify as an armed career criminal because his prior conviction for aggravated robbery in Tennessee should not count as a "violent felony" under the ACCA's "elements" clause.  Porter's argument, however, is foreclosed by binding circuit precedent that holds that Tennessee aggravated robbery is categorically a violent felony under the elements clause.

In January 2018, Ladarius Porter was charged with one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).  He pled guilty to this offense three months later.  The district court determined that Porter qualified as an armed career criminal under the ACCA, 18 U.S.C. § 924(e), because Porter had three qualifying prior convictions:  two attempted

especially aggravated robberies in Tennessee in 2009 and 2010, and an aggravated robbery in Tennessee in 2010. Under the ACCA, a defendant who qualifies as an armed career criminal is subject to a 180-month minimum sentence, and the district court sentenced Porter to 180 months' imprisonment.

At sentencing, Porter's counsel objected to the district court's sentence on the ground that Porter was not an armed career criminal under the statute. Porter's counsel argued that Tennessee aggravated robbery is not a "violent felony" as defined under the ACCA's elements clause, and therefore Porter did not have three predicate offenses that were violent felonies and Porter should not be subject to the 180-month minimum sentence. Relying on published Sixth Circuit precedent, the district court found that Porter qualified for the 15-year minimum sentence under the ACCA. Porter now appeals on the same ground, arguing that Tennessee aggravated robbery is not a "violent felony" under the ACCA.

Porter was properly categorized as an armed career criminal under the ACCA because Tennessee aggravated robbery is a "violent felony" under the published holding of this court in *United States v. Mitchell*, 743 F.3d 1054 (6th Cir. 2014). In *Mitchell*, we held that Tennessee robbery is "categorically a 'violent felony' under . . . the ACCA" because it requires a degree of force that satisfies the ACCA's elements clause. 743 F.3d at 1058–60. Tennessee aggravated robbery incorporates the same physical force requirement as discussed in *Mitchell* and additionally requires that the robbery be "[a]ccomplished with a deadly weapon" or that the "victim suffer[] serious bodily injury." Tenn. Code Ann. § 39-13-402. Therefore, *Mitchell*'s holding applies with equal force to Tennessee robbery and Tennessee aggravated robbery. *See United States v. Lester*, 719 F. App'x 455, 458 (6th Cir. 2017).

Porter's brief anticipated a possible Supreme Court holding in *Stokeling v. United States*, __ U.S. __, 139 S. Ct. 544 (2019)—a case involving whether Florida robbery is a crime of violence under the ACCA—that might somehow abrogate *Mitchell*. As it turned out, however, *Stokeling* upheld the categorization of Florida robbery as a crime of violence, *see* 139 S. Ct. at 554–55, and thus did not abrogate *Mitchell*.[1]

Porter also argues that *Mitchell* was wrongly decided because it ignored intermediate-level Tennessee court decisions where persons were convicted of robbery without engaging in force sufficient to qualify under the ACCA's elements clause. We are in any event bound by *Mitchell*'s holding. Moreover, we squarely rejected a similar argument with respect to intermediate-level Tennessee decisions in *United States v. Southers*, 866 F.3d 364 (6th Cir. 2017), itself a published case that reaffirmed the holding of *Mitchell*.[2]

The district court's sentence is affirmed.

---

[1] After briefing, and after the Supreme Court's decision in *Stokeling*, Porter filed a 28(j) letter, *see* F.R.A.P. 28(j), in which he cites *Stokeling* and argues that, while *Stokeling* appears to cut against him, it actually renders the elements clause of the ACCA unconstitutionally vague. However we do not read the Supreme Court's holding as rendering unconstitutional a statutory provision that was previously constitutional.

[2] Only one intermediate-level Tennessee case cited by Porter came down after *Southers*, but it does not demonstrate that a person can be convicted of Tennessee aggravated robbery without using force sufficient to satisfy the elements clause in the ACCA. *See State v. Ketchum*, No. M2016-00685-CCA-R3-CD, 2017 Tenn. Crim. App. LEXIS 427 (Tenn. Crim. App. May 23, 2017). In *Ketchum*, the Tennessee Court of Criminal Appeals upheld a robbery conviction where the defendant "grabbed the [victim's] purse strap . . . . shoved the [victim's] shopping cart towards the victim," and then "ripped the left-hand strap from the purse," after which the victim ran from the defendant. 2017 Tenn. Crim. App. LEXIS 427 at *2–*3. The court determined that this was sufficient evidence for a jury to find that the victim was placed in fear and thus sufficient evidence to convict the defendant of Tennessee robbery. *Id.* at *17–*18. The defendant's actions—grabbing the purse with enough force to break it and shoving a shopping cart at the victim—appear to be actions employing force "capable of causing physical pain or injury," which is the threshold for a crime of violence under the elements clause. *See Stokeling*, 139 S. Ct. at 553. Porter argues that under *Ketchum*, a person could be convicted of robbery in Tennessee if "a purse handle snaps, thereby frightening the victim," App. Br. at 17, but this ignores the fact that in *Ketchum* it was the defendant who caused the purse handle to snap and who frightened the victim.